**Opinion issued August 16, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00365-CR

———————————

**ORLANDO SALAZAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 340th District Court**
**Tom Green County, Texas**
**Trial Court Case No. C-08-0822-SA**

## MEMORANDUM OPINION

After appellant, Orlando Salazar, pleaded guilty with an agreed recommendation on punishment to the second-degree felony offense of aggravated assault, the trial court deferred adjudication of guilt and placed him on community

supervision for five years.[1]  The State subsequently moved to adjudicate guilt.  The trial court granted the motion to adjudicate, found appellant guilty of the charged offense, and assessed his punishment at six years' confinement.  The trial court certified that the case is not a plea-bargain case and that appellant has the right to appeal.  Appellant timely filed a notice of appeal.[2]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority.  *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Counsel has also informed us that

---

[1]    *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011) (aggravated assault).

[2]    The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

he delivered a copy of the appellate record and the brief to appellant and informed him of his right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appellate counsel who files *Anders* brief must "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes").

In his pro se response, appellant argues, among other things, that the trial court lacked jurisdiction over the case, that the court erred in admitting photographs of the complainant's injuries, that the court erred in admitting witness testimony, that the trial court had a conflict of interest, that the State violated its *Brady* obligations, and that his trial counsel rendered ineffective assistance.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note

3

that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3]  Attorney Frank D. Brown must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.
Do not publish.   TEX. R. APP. P. 47.2(b).

---

[3]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).